IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 01-038T |
| | : | |
| JAMES W. CLARK | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR
MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

Introduction and Travel

The defendant, James W. Clark (Defendant or Clark), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Clark's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 as of March 3, 2008.

Following an investigation by the Drug Enforcement Administration (DEA) and the Providence Police Department, Clark was indicted by the Federal Grand Jury on May 2, 2001. Clark was charged with four counts of distributing crack cocaine as follows: 26.9 grams on November 9, 2000; 26.8 grams on November 14, 2000; 27.0 grams on December 19, 2000; and 26.8 grams on March 1, 2001. These offenses carried maximum terms of imprisonment of 40 years. Clark was arrested on November 14, 2001. Under the provisions of a plea agreement, Clark pleaded guilty on January 14, 2002. The agreement bound the government to recommend

a sentence of imprisonment at the low end of the applicable guideline range and a three-level downward adjustment for acceptance of responsibility, if applicable. The government also agreed not to file a sentencing enhancement information pursuant to 28 U.S.C. § 851.

A probation officer prepared a presentence investigation report (PSR). The PSR indicated that Clark had two previous convictions for drug trafficking offenses - PSR ¶¶ 28 & 29. He also had a firearms conviction. His Criminal History points totaled 23, resulting in a Criminal History Category VI. Because of the two previous drug trafficking offenses, Clark was designated a Career Offender under U.S.S.G. §§ 4B1.1 and 4B1.2. With an adjustment for acceptance of responsibility, his Offense Level was 31, Criminal History Category VI. The resulting guidelines range was 188-235 months imprisonment.[1] On June 25, 2002, the Court imposed sentence pursuant to the Career Offender guideline provisions. The Court denied Clark's motion for a downward departure and sentenced Clark to 188 months imprisonment, five years supervised release, a $5,000 fine, a $400 special assessment, and the costs of supervision. Clark filed a notice of appeal. His sentence was affirmed by the First Circuit Court of Appeals on May 23, 2003. No. 02-1905. On December 31, 2003, Clark filed a motion pursuant to 28 U.S.C. § 2255. The motion was denied by the Court on November 9, 2006. The Court denied Clark's motion for a certificate of appealability. On May 15, 2007, the Court of Appeals denied a similar request.

Clark claims that he should be the beneficiary of the overall two-level reduction in the crack cocaine guidelines. He argues that with a two-level downward adjustment under the crack

---

[1] Without resort to the career offender provisions, Clark would have been designated an Offense Level 29, Criminal History Category VI. The guidelines range would have been 151-188 months imprisonment

cocaine amendments, his sentencing range is 151-188 months imprisonment. However, Clark also raises the issue that he is entitled to a new sentencing hearing under Kimbrough v. United States, 128 S.Ct. 558 (2007), United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and Gall v. United States, 128 S.Ct. 586 (2007). He argues that through the application of Gall, Kimbrough and Booker, the Court should exercise its discretion and sentence him to a term of imprisonment even less than 151 months.

For those reasons which follow, the government contends that Clark is not entitled to any reduction, even one based upon the 2007 guidelines amendments related to crack cocaine.

Argument

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They were effective March 3, 2008. Section 1B1.10 states, in part:

(a) Authority. -

(1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant

has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment. -

(1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

However, in Clark's case, notwithstanding the guidelines amendments, the final offense level (and sentencing range) applicable to him remains unchanged. His sentencing range was not lowered by the Sentencing Commission. His guideline range was not determined under U.S.S.G. § 2D1.1, but upon U.S.S.G. § 4B1.1, the Career Offender provision.

Under the guidelines, a defendant is a Career Offender if the following factors are satisfied:

1) the instant offense is either a crime of violence or a controlled substance offense (drug trafficking);

2) the defendant was at least 18 years old at the time he or she committed the instant offense of conviction; and

3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense (drug trafficking). U.S.S.G. § 4B1.1(a).

If those three factors are satisfied, the probation officer and the Court then determine the offense level based upon the statutory offense maximum term of imprisonment for the count of conviction. A Career Offender is automatically a Criminal History category VI. U.S.S.G. § 4B1.1(b). If the offense level for a Career Offender is greater than the offense level otherwise applicable, the Career Offender offense level applies. An adjustment for acceptance of responsibility can also be taken. U.S.S.G. § 4B1.1(b).

In the case of Clark, the probation officer first computed a guideline range under U.S.S.G. § 2D1.1 based solely upon the quantity of crack cocaine. PSR ¶¶ 14-20. The adjusted offense level was 32. The probation officer then computed a guideline range based upon Career

Offender status. PSR ¶¶ 21-23. The adjusted offense level was 34. Because the Career Offender offense level was greater than the offense level otherwise applicable, the Career Offender offense level was used to determine Clark's guideline range. With an adjustment for acceptance of responsibility, the total offense level as a Career Offender was 31, Criminal History Category VI.

As noted above, pursuant to Section 1B1.10(a), a sentencing reduction is authorized only where "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." Amendments 706 and 711 apply to sentences imposed as a result of a guideline range determined under U.S.S.G. § 2D1.1. Clark's sentence was imposed as a result of a guideline range determined under U.S.S.G. § 4B1.1. Amendments 706 and 711 had no affect on the three factors necessary to a finding of Career Offender status. The Amendments did not affect the nature of Clark's offenses of conviction as controlled substance offenses. The Amendments did not affect Clark's age at the time of commission of the instant offenses. And the Amendments did not affect the existence or nature of Clark's prior convictions for controlled substance offenses. In sum, the Amendments do not apply to Clark, and he is not eligible for a reduction pursuant to § 3582(c)(2). Clark's offense level remains exactly what it was at the time of sentencing.

Various District Courts are in agreement. See, e.g., United States v. Hayes, 2008 WL 2444446 (E.D. Mich., June 13, 2008) (Amendment 706 did not apply to defendant sentenced as a Career Offender); United States v. Conce, 2008 WL 2038901 (D. Mass., May 13, 2008) (Court lacked jurisdiction to grant § 3582(c)(2) motion where defendant sentenced as Career Offender); United States v. Biami, 548 F. Supp.2d 661, 666 (E.D. Wis., 2008) (defendant ineligible for § 3582(c)(2) reduction as Amendment 706 did not apply to defendant sentenced as a Career

Offender; collecting cases); United States v. Gutierrez, 2008 WL 927564 (D. Conn., April 4, 2008) (same); United States v. Ware, 2008 WL 906410 (D. N.H., April 3, 2008) (same);

Clark's request that in support of a further reduction of sentence This Court should take Booker, Kimbrough, and Gall into account should likewise be denied. The Court's authority to act upon Clark's motion is based entirely on the power conferred upon the Court by 18 U.S.C. § 3582(c)(2). Because Clark's sentencing range has not been lowered under the crack cocaine amendments, he derives no benefit from the action of the Sentencing Commission. Section 3582(c)(2) does not permit the Court to re-visit a defendant's sentencing in the absence of a "sentencing range that has subsequently been lowered by the Sentencing Commission."

WHEREFORE, for the above reasons, the motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 2nd day of July, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the Within Government's Response To Defendant's Petition For Modification Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2), to:

James W. Clark
Reg. # 05072-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov